IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR L. TRAVILLION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-911 |
| | ) | Judge Cercone |
| ARAMARK CORPORATION, | ) | Magistrate Judge Caiazza |
| | ) | In Re: Doc. 16 |
| Defendant. | ) | |

### ORDER

The Plaintiff has filed a Motion for Judgment by Default (Doc. 16) against a defendant in this civil rights action who had not entered an appearance, Aramark Corporation. The Court issued a rule to show cause why the motion should not be granted (Doc. 17). Defendant Aramark has since entered an appearance through counsel and has responded to the rule to show cause. Aramark maintains that it has not properly been served with process in this case, and has presented affidavits in support of this position. The Third Circuit has listed a series of factors to consider when entering or refusing to lift a default or a default judgment. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868-70 (3d Cir.1984); see also EMCASCO Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987). These factors include (1) the extent of the party's personal responsibility; (2) the possibility of prejudice to the adversary; (3) the history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) the availability of alternative sanctions; and

(6) the meritoriousness of the claim. <u>Poulis</u>, 747 F.2d at 868-70. Where service of process is insufficient, the factors weigh in favor of denying a default, and a default should not be entered. <u>Compare</u>, <u>Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d 476 (3d Cir. 1993).  Hence, the following order:

AND NOW, this 28th day of July, 2005,

IT IS HEREBY ORDERED that the Motion for Judgment by Default (Doc. 16) is DENIED.

IT IS FURTHER ORDERED that The Defendants having filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 19) and brief in support thereof. The court will consider the Defendants' motion as one which seeks summary judgment.

IT IS FURTHER ORDERED that the Plaintiff shall be allowed until August 29, 2005, to respond to the Motion.  The Plaintiff is advised that his response to the motion may include opposing or counteraffidavits (executed by the plaintiff or other persons) which have either been sworn to under oath (notarized) or include at the end of the document, immediately before the Plaintiff's signature, the following in accordance with 28 U.S.C. § 1746:  "I declare under penalty of perjury that the foregoing is true and correct.  Executed this _____ day of _____, 2005."

IT IS FURTHER ORDERED that all affidavits, opposing or counteraffidavits must be based upon the personal knowledge of the person executing the affidavit; that no affidavit, amended complaint, pretrial narrative or other document containing plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been notarized before a notary public or unless it contains a declaration under penalty of perjury as set forth above; that plaintiff may attach to his affidavit copies of any depositions, answers to interrogatories, institutional records or other documents he wishes this court to consider when addressing the summary judgment motion; and that the motion for summary judgment will be evaluated under the procedure standard set forth in Rule 56 of the Federal Rules of Civil Procedure; and that failure to respond may result in entry of judgment against him.

IT IS FURTHER ORDERED that each party shall serve upon the opposing party a copy of every pleading or other document submitted for consideration by the court and shall include on the original document filed with the Clerk of Court a certificate stating the date a true and correct copy of the pleading or document was mailed to each party.  Any pleading or other document received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service may be disregarded by the court.