```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| JAMAR L. TRAVILLION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-911 |
| ) | JUDGE CERCONE |
| ARAMARK CORPORATION, ) | MAGISTRATE JUDGE CAIAZZA |
| ) | |
| Defendant. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is recommended that the Motion for Summary Judgment filed by the Defendant Aramark Correctional Services, Inc. (erroneously referred to as "Aramark Corporation" in the Complaint) be granted. It is also recommended that the Plaintiff's motion to amend the caption to reflect the proper name of the corporate Defendant likewise be granted.

#### II. REPORT

The Petitioner, Jamar Travillion ("the Petitioner" or "Travillion"), alleges that while he was a pre-trial detainee at the Allegheny County Jail, he was forced to eat meatless meals in recognition of a religious holyday during February, March and April 2004. He asserts that the meals he was served by the Defendant "required" him to participate in a practice "in recognition of Catholicism" and also deprived him of

nutritionally adequate meals. The Defendant Aramark Correctional Services, Inc. ("Aramark") -incorrectly referred to as Aramark Corporation in the Complaint- moves for summary judgment claiming that offering a meatless but otherwise nutritionally sound diet to the entire jail population on certain days to accommodate Catholic inmates is not violative of the Constitution.

A.  **The Factual record.**

Aramark, acceding to a request from the Catholic Chaplain at the Allegheny County Jail, provided meatless meals for the entire jail population on February 25, 27, March 5, 12, 12, 26 and April 2 and 9, 1994. (Doc. 39, Ex. B). Aramark has presented evidence showing that the non-meat meals were nutritionally adequate, and, in fact, displayed a great diversity in content. (Id., Ex. B1; Doc. 25, Ex. 2, Aff. of Elizabeth Salvi, Food Service Director for Aramark Correctional Services, Inc.)[1].

---

1. The Plaintiff attaches as an exhibit to his response to the motion the actual menu for the dates in question. The exhibit reflects, for example, the following menu for Friday, February 27, 2004:

| Breakfast | Lunch | Dinner |
|---|---|---|
| Fresh Fruit | Macaroni & Cheese | Fish Square |
| Hot Grits w/Margarine | Tossed Salad w/dressing | Tartar Sauce |
| Pancakes | Green Beans | Cottage Fries |
| Syrup | Bread/Margarine | Vegetables |
| Margarine | Cookies | Bread/Margarine |
| 2% Milk | Fruit Drink | Iced Cake |
| Coffee | Salt & Pepper | Fruit Drink |

(continued...)

The Plaintiff states that the meals served on Fridays during Lent had "no bologna or other meat substances". (Doc. 39 at 4). He claims that since the reason for the lack of meat in meals was solely for the accommodation of Catholic prisoners, he, as a Protestant, was forced to participate in a religious practice foreign to his faith. He also asserts that the meals had "small servings" and contained "raw cabbage salad." (Id.).

## B. **The Analysis**.

A claim that a prisoner is being denied adequate food arises under the Eight Eighth Amendment, which prohibits "cruel and unusual punishments". Our analysis of an Eighth Amendment violation requires a two pronged inquiry: 1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and 2) a "subjective inquiry" into the mind of the person inflicting the harm. Wilson v. Seizer, 501 U.S. 294 (1991). In analyzing the objective component, the court must determine whether Travillion has been deprived of the "minimal civilized measure of life's necessities." Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), superseded by statute

---

(...continued)
    Sugar                                                       Salt & Pepper

    (Doc.39, Ex. B1). Other than Ash Wednesday and Fridays during Lent, Aramark served jail inmates its normal menu. The Plaintiff's Exhibit C reflects that lunch and dinner on the normal menu would normally include some form of meat (Id., Ex. C).

on other grounds as stated in, Ghana v. Holland, 226 F.3d 175 (3rd Cir. 2000). With respect to the pending summary judgment motion, the Plaintiff must show that he has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). That said, summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case").

Here, the record clearly establishes that on the dates at issue Travillion was provided with a variety of nutritional foods in amounts which aptly satisfied the minimal requirements of the Eighth Amendment  -even though he was not served "bologna or other meat substances". While inmates have a right to a nutritionally adequate diet, Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990), they have no constitutional right to be served a particular type of meal. Burgin v. Nix, 899 F.2d 733, 734-35 (8th Cir.1990). Travillion's claim under the Eighth Amendment fails.

He also asserts that forcing him to eat non-meat meals on Ash Wednesday and Fridays during the Catholic season of Lent violates the Establishment Clause of the Constitution. The Court of Appeals for the Third Circuit recently recounted the appropriate standard to be applied where government action is questioned:

> Under [current Supreme Court jurisprudence][2] the challenged action is unconstitutional if (1) it lacks a secular purpose, (2) its primary effect either advances or inhibits religion, or (3) it fosters an excessive entanglement of government with religion.

Modrovich v. Allegheny County, 385 F.3d 397, 400-401 (3d Cir. 2004). Here, the menus prepared by Aramark are for a secular purpose, *i.e.*, to feed the inmates. The "primary effect" of preparing a meatless menu is only marginally linked to a religion and the accommodation provided to Catholic inmates did not excessively entangle "government with religion". Barry v. Deeds, 2001 WL 515259 (S.D. W. Va. 20010 at *3 (the defendants did not violate a clearly-established right by accommodating the dietary needs of Muslims during Ramadan).

In sum, although Aramark accommodated the Catholic inmates, eating a meatless meal is not inherently linked to a religious practice but instead is a nutritionally sufficient repast enjoyed by a wide segment of the prison population on any given day of

---

2. Lemon v. Kurtzman, 403 U.S. 602, 612 (1971).

the week -whether during Lent or not. This claim likewise lacks merit.

### III  CONCLUSION

It is recommended that the Motion for Summary Judgment filed by the Defendant Aramark be granted. For clarity purposes, the Plaintiff's motion to amend the caption to reflect the proper name of the corporate defendant should likewise be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Francis X. Caiazza
FRANCIS X. CAIAZZA
UNITED STATES MAGISTRATE JUDGE

Dated:  January 31, 2006

cc: Jamar L. Travillion, 78951
   Allegheny County Jail
   950 Second Avenue
   Pittsburgh, PA 15219

   Michael H, Wojcik, Esquire
   Mike Adams, Esquire
   Allegheny County Law Department
   300 Fort Pitt Commons
   445 Fort Pitt Boulevard
   Pittsburgh, PA 15219